UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| RANDY SMITH, #264503 | |
| Petitioner, | C/A No. 0:05-3142-GRA-BM |
| v. | |
| E. RICHARD BAZZLE, WARDEN; S.C. DEPARTMENT OF CORRECTIONS; and HENRY MCMASTER, ATTORNEY GENERAL FOR SOUTH CAROLINA; | ORDER |
| Respondents. | |

This matter is before the Court for a review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., and filed on July 17, 2006. Petitioner filed this action pursuant to 28 U.S.C. § 2254 on November 7, 2005.[1] Respondents filed a return and motion for summary judgment on February 16, 2006. On February 21, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. The Petitioner responded on March 27, 2006. The magistrate recommends granting Respondents' motion for summary judgment and dismissing the petition for writ of habeas corpus.

Petitioner brings this claim *pro se*. This Court is required to construe *pro se*

---

[1] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988).

1

pleadings liberally.  Such pleadings are held to a less stringent standard than those drafted by attorneys.  *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim.  *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court.  *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1).  This Court may also "receive further evidence or recommit the matter to the magistrate with instructions."  *Id*.

In order for objections to be considered by a United States District Judge, the objections must be timely and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections.  Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985).  "Courts have . . . held de novo review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."  *Orpiano v. Johnson*, 687 F.2d

2

44, 47 (4th Cir. 1982). In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). Petitioner filed objections on August 1, 2006.

Petitioner makes several objections. However, after a review of the record, this Court finds that the magistrate properly addressed the Petitioner's arguments and thus the objections are without merit.

After a review of the magistrate's Report and Recommendation, this Court finds the report is based upon proper law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that Respondents' motion for summary judgment be GRANTED and the petition for writ of habeas corpus be DISMISSED with prejudice.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

August 8, 2006.

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this Order within thirty (30) days after the judgment of this Order is entered, pursuant to Rules 3 and 4 of the

Federal Rules of Appellate Procedure.  Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.